Fletcher, J.
There is no principle of law upon which this action can be maintained.
The fact that the plaintiff is a minor, does not at all affect his legal rights.
He went into the service of the defendants with the consent of his father, and was, therefore, lawfully in their employment. He had the same rights against the defendants that any other person employed by them had, and no more ; and the defendants were under the same liability to him which they were under to their other workmen, and no more.
*114 The plaintiff can maintain his action, if at all, only upon one of- two grounds; to wit, either that the plaintiff wat injured by the neglect or want of care of some other person in the employment of the defendants, and that the defendants are responsible for such neglect; or that the plaintiff was injured by some neglect of the defendants themselves, for which they are liable to the plaintiff in this action.
That the plaintiff cannot recover on the first ground, is too clear for controversy.
The law is too well settled now to be questioned, that a master or principal is not liable to one servant or laborer, for the neglect of another servant or laborer, in the same general business or employment.
This was so held in Farwell v. The Boston & Worcester R. Corporation, 4 Met. 49; and the same doctrine has been held by this court in two subsequent cases. Hayes v. Western R. 3 Cush. 270; Albro v. Agawam Canal Co. 6 Cush. 75.
Since the decision of Farwell v. The Boston & Worcester Railroad Corporation, the same doctrine has been held in three English cases, and also by the supreme court of New York. Hutchinson v. York, Newcastle, & Berwick R. Co. 5 W. H. & G. 343; Wigmore v. Jay, Ib. 354; Seymour v. Maddox, 16 Ad. & El. (N. S.) 326; Brown v. Maxwell, 6 Hill, 592; Coon v Syracuse & Utica R. Co. 6 Barbour, 231.
The general principle is, that a person, entering into the service of another, takes upon himself, in consideration of the compensation to be paid to him, the ordinary risks of the employment, including the negligence of his fellow-laborers.
The cases referred to show very clearly the mischievous consequences of a different doctrine.
But the plaintiff further claims to maintain his action on the ground, that the injury to the plaintiff was caused by a defect in the original construction of the road, and that the defendants are liable for the consequences of such a defect.
It is maintained for the plaintiff, that the defendants áre bound to furnish a safe road, and that they are liable for injuries happening in consequence of a defective road. It is not necessary, at this time, to consider particularly this posi *115 tion. As a corporation can act only through the agency of some individual person or persons, a question has sometimes been made, as to what particular officers or persons should be considered as the corporation itself, as distinct from the servants of the corporation, for the purpose of settling what should be considered as the neglect of the corporation itself, and not of its servants.
I am not aware that there has been any direct adjudication on this point. But, assuming that it is correct, as a general principle, that the responsibility as to the sufficiency of the road rests on the defendants themselves, still, their obligation, so far as respects those in their employment, would not extend beyond the use of ordinary care and diligence, and they would be held responsible only for the want of ordinary care and diligence. If a corporation itself should be held responsible to its servants, that the road, when first used, was safe and sufficient, yet keeping the road in proper repair afterwards would seem to be the work of servants or laborers, as much as any other part of the business of the corporation.
Now, the case distinctly shows that there was no want of ordinary care and diligence on the part of the defendants, and they are, in the terms of the report, expressly acquitted of gross negligence.
It is quite clear, therefore, that the plaintiff cannot maintain his action on this last ground, and that a nonsuit must be entered. Plaintiff nonsuit.